■ JOSEPH ROSICATO, INC., Respondent, v. NORTHERN BOULEVARD AT 62ND STREET REALTY CORP., Appellant, and NATHAN STARR & SONS, INC., Respondent. — On April 10, 1951, and August 22, 1951, appellant, the owner of a building, contracted with respondent Rosicato to erect an extension to the building for $28,500, payments to be made according to a certain schedule. On or about January 11, 1952, before the completion of the contracts, said respondent abandoned the work, asserting that appellant had refused to make all the payments to which said respondent claimed to be entitled. This is an action to foreclose a lien for $3,563 which said respondent filed. Respondent Starr (the plumbing subcontractor) counterclaimed against respondent Rosicato and appellant to foreclose a lien for $825, which it filed. Appellant counterclaimed against respondent Rosicato to recover damages for breach of contract and for defective work. After trial before an Official Referee, to whom the matter had been referred to hear and determine, judgment was granted in favor of respondent Rosicato for $2,000; and in favor of respondent Starr for $825, directing foreclosure of both liens, and dismissing appellant's counterclaims. Judgment, insofar as it is in favor of respondent Starr for $825 and directing foreclosure of its lien, affirmed, with costs to respondent Starr, payable by appellant. Judgment, insofar as it is in favor of respondent Rosicato reversed, action severed, and new trial granted, with costs to appellant to abide the event. The allega-

tions of the counterclaim of respondent Starr were admitted by appellant. The proof in the record is insufficient to sustain a judgment for respondent Rosicato for $2,000. The learned Official Referee failed to make findings as to whether the contracts were breached by appellant or by respondent Rosicato, and failed to make findings with respect to the counterclaims interposed by appellant. We are unable on the record presented to determine the basis for the finding that respondent Rosicato had established a valid lien in the sum of $2,000, nor can we on this record determine the controversy between respondent Rosicato and appellant. Nolan, P. J., Schmidt, Beldock, Murphy and Ughetta, JJ., concur.